PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| LARRY T. LANDT, | ) | |
| | ) | CASE NO.  4:12CV0740 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| WARDEN FARLEY, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Respondent. | ) | **AND ORDER** |

Before the Court is *pro se* Petitioner Larry T. Landt's Petition for Writ of Habeas Corpus

filed pursuant to 28 U.S.C. § 2241 (ECF No. 1).[1]  Petitioner, who is incarcerated at the Federal

Correctional Institution in Elkton, Ohio ("F.C.I.  Elkton:"), names F.C.I. Elkton's Warden Farley

as Respondent.  Asserting he is innocent of one of the crimes to which he pled guilty, Petitioner

seeks an Order vacating his conviction and sentence for that crime.

### I.  Background

Petitioner was named in a sealed indictment filed in the United States District Court for

the Western District of Louisiana.  *See United States v. Landt*, No. 6:09CR0222 (W.D. La. filed

Sept. 16, 2009).[2]  The indictment was unsealed following Petitioner's arrest on September 8,

_____

[1]  On August 20, 2012, Petitioner filed Motions for Summary Judgment (ECF No. 4) and to Expedite (ECF No. 5).

[2]  For purposes of addressing procedural default issues, details of Petitioner's criminal case were garnered from the Public Access to Court Electronic Records (PACER) system.  *See* Fed. R. Evid. 201(b)(2) and (c)(1); *see e.g. C.B. v. Sonora Sch. Dist.*, 691 F.Supp.2d 1123, 1138 (E.D. Cal. 2009) (court "may take judicial notice of
(continued...)

(4:12CV0740)

2009.  He was charged with three counts of attempting to entice a minor to engage in criminal

sexual activity in violation of 18 U.S.C. § 2422(b) (Counts 1-3) and attempting to transport

obscene material to a minor in violation of 18 U.S.C. § 1470 (Count 4).  *See* Indictment (ECF

No. 3 in No. 6:09CR0222).[3]

Attached to the Plea Agreement is a document entitled "Elements of the Offense (ECF

No. 37-2 in No. 6:09CR0222).  On April 5, 2010, Petitioner withdrew his original pleas of not

guilty and entered a pleas of guilty to Counts 1 and 4 of the Indictment.  *See* Minutes of Change

of Plea Hearing (ECF No. 36 in No. 6:09CR0222).  On August 13, 2010, the district court

sentenced Petitioner to 144 months in prison on Count 1 and 120 months on Count 4, the terms

to run concurrently.  *See* Judgment in a Criminal Case (ECF No. No. 43 in No. 6:09CR0222).

Petitioner did not appeal his conviction or sentence.

## II. Analysis

Petitioner now asserts he is actually innocent of the charge in Count 1 to which he pled

guilty.  Although he acknowledges his plea agreement, he argues a defendant's plea is

"constitutionally invalid if he . . . was misinformed as to the elements of the offense."  ECF No. 1

at 7 (citing *Bousley v. United States*, 523 U.S. 614 (1988) and *Brady v. United States*, 397 U.S.

_____

[2](...continued)
matters of public record, including duly recorded documents, and court records available
to the public through the PACER system via the internet"); *see also Holder v. Holder,*
305 F.3d 854, 866 (9th Cir. 2002) (judicial notice taken of state appellate court opinion in
determining whether an issue was actually litigated and necessarily decided in state court,
for issue preclusion purposes).

[3]

(4:12CV0740)

742, 748 (1970)).  Petitioner calls into question whether he pled guilty to all the elements of

attempting to entice a minor to engage in criminal sexual activity.

      One of the criminal statutes to which Petitioner pleaded guilty states in relevant part:

> Whoever knowingly persuades, induces, entices, or coerces any individual to
> travel in interstate or foreign commerce, or in any Territory or Possession of the
> United States, to engage . . .  in any sexual activity for which any person can be
> charged with a criminal offense, *or attempts to do so*, shall be fined under this title
> or imprisoned not more than 20 years, or both.

18 U.S.C. § 2422(a) (emphasis added).  To satisfy the element of "attempt" under 18 U.S.C. §

2422, Petitioner asserts the Seventh Circuit in *United States v. Gladis*, 536 F.3d 646 (7th Cir.

2008) held that the government needed to establish that he made a "'substantial step towards

completion' of the crime."  ECF No. 1 at 7.  He argues he never attempted to meet the victim nor

did he solicit her to visit him.  Citing *United States v. Pennell*, 737 F.2d 521 (6th Cir. 1984),

*United States v. Rovetuso*, 768 F.2d 809 (7th Cir. 1985), and *United States v. Ciesioka*, 614 F.3d

347 (7th Cir. 2010), Petitioner claims he would have needed to "agree to accomplish an illegal

objective or acceed [sic] to illegal terms that are acceptable to both parties," for his conviction to

stand.  ECF No. 1 at 7.  Ultimately, he maintains that the evidence was "insufficient to support

the Movant's conviction."  ECF No. 1 at 7.  As such, Petitioner argues no reasonable jury would

have found him guilty beyond a reasonable doubt.  This, he claims, establishes more than a

legally insufficient conviction; it constitutes proof of his factual innocence of violating 18 U.S.C.

§ 2422."  ECF No. 1 at 8.

(4:12CV0740)

### III.  Initial Review

This matter is before the Court for initial screening.  28 U.S.C. § 2243; *Harper v. Thoms*, 51 Fed.Appx. 517, 518 (6th Cir. 2002).  A court is required to award the writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.   The Sixth Circuit has consistently held that "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir.),  *cert. denied* 400 U.S. 906 (1970).  Petitioner has not met this burden.

### IV.  28 U.S.C. § 2241

Claims seeking to challenge the execution or manner in which a sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)).  Conversely, when a federal prisoner seeks to challenge his conviction or the imposition of his sentence, his claim shall be filed in the sentencing court under 28 U.S.C. § 2255.  *See Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979).

Under exceptional circumstances, however, a federal prisoner may file a § 2241 petition challenging his conviction or imposition of sentence, if it appears that the remedy afforded under 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hansard*, 123 F.3d 922, 929 (6th Cir. 1997).  This safety valve provision is not an additional, alternative or supplemental remedy to that prescribed under § 2255.  *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

4

(4:12CV0740)

While this Court has personal jurisdiction over Petitioner's custodian, it finds that

Petitioner has failed to establish that his remedy under 28 U.S.C. § 2255 is inadequate or

ineffective.  Thus, he is not entitled to challenge his sentence under the safety valve provision of

§ 2255.

### V.  Inadequate/Ineffective Remedy

It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or

ineffective.  *See Martin v. Perez*, 319 F.3d 799, 803 (6th Cir. 2003).  On the "§ 2241 Habeas

Corpus Petition Form" completed by Petitioner, he states simply that his § 2255 remedy is

inadequate or ineffective because it is time-barred.  ECF No. 1 at 3.  Courts, however, have flatly

rejected this as a basis upon which a prisoner may seek relief under § 2255's safety valve

provision.

As a threshold matter, a federal prisoner may not challenge his conviction and sentence

under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to

the court which sentenced him, or that such court has denied him relief, unless it also appears

that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28

U.S.C. § 2255(e).  Thus, a prisoner's remedy under § 2255 is not inadequate or ineffective

merely because an individual is unable to obtain relief under that provision.  *See e.g.*, *Charles v.

Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).  This includes circumstances when a § 2255 motion

to vacate has already been denied, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997), *Tripati

v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied*, 488 U.S. 982 (1988), or because a

prisoner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192,

(4:12CV0740)

1194 n. 5 (4th Cir. 1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C. Cir.) (per curiam), *cert. denied*, 479 U.S. 993 (1986), or because a prisoner has been denied permission to file a second or successive motion to vacate.  *See In re Davenport*, 147 F.3d 605, 608 (7th Cir.1998).

Without question, Petitioner is procedurally barred from filing a direct appeal or motion to vacate.  This alone, however, does not entitle him to challenge his sentence through the safety valve provision of § 2255.  As the Sixth Circuit has noted, it is difficult to demonstrate a § 2255 remedy is inadequate because "[n]o circuit court has to date permitted a post-AEDPA [Anti-Terrorism and Effective Death Penalty Act, which amended Section 2255] petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions."  *Charles*, 180 F.3d at 757.  Although Petitioner attempts to argue he is actually innocent, the facts and law do not support his request for habeas relief.

## VI.  Actual Innocence

Petitioner asserts he meets the Supreme Court's standard of "actual innocence," as that term is explained in *Bousley*.  The Sixth Circuit expanded on the *Bousley* concept of actual innocence in *Martin*, wherein it stated:

> "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him" (internal citations and quotations omitted).  The Court went on to say, "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. . . .  In other words, the Government is not limited to the existing record to rebut any showing that petitioner might make.  Rather . . . the Government should be permitted to present any admissible evidence of petitioner's guilt."

6

(4:12CV0740)

*Martin*, 319 F.3d at 804 (quoting *Bousley*, 523 U.S. at 623). The Sixth Circuit found that the

defendant in *Martin* satisfied the requirements of the § 2255 safety valve because he argued that

the Supreme Court's decision in *Jones v. United States*, 529 U.S. 848 (2000) determined that the

actions for which he was convicted were no longer considered criminal.

Like Petitioner, the defendants in *Bousley* and *Martin* both pleaded guilty to criminal

charges they later sought to set aside. The courts first called into question the constitutionality of

their guilty pleas based on whether they were entered voluntarily and intelligently. Because it is

an axiom of law that a plea is not considered "intelligent unless a criminal defendant first

receives real notice of the true nature of the charge against him," *Bousley*, 523 U.S. at 618, both

courts determined that when the Supreme Court held that a substantive federal criminal statute

did not reach certain conduct, neither the defendants and their counsel nor the district courts

correctly understood the essential elements of the crimes with which these defendants were

charged. *Id.* at 620.

By contrast, a plea is considered intelligently made if, prior to pleading guilty, a

defendant was provided a copy of his indictment. This alone, gives rise to the presumption that a

defendant was informed of the nature of the charges against him. *See Henderson v. Morgan*, 426

U.S. 637, 647 (1976). Petitioner does not call this presumption into question, but instead argues

his plea was not entered "intelligently" because the government failed to establish that his

behavior satisfied all the critical elements of 18 U.S.C. § 2422(b). This does not impeach his

guilty plea; and, more importantly, this does not qualify as actual innocence.

7

(4:12CV0740)

*Bousley* was decided after some prisoners convicted of "using" a firearm during a drug

crime or violent crime found themselves actually innocent when the Supreme Court subsequently

narrowed the definition of "use" in 18 U.S.C. § 924(c). *See Bailey v. United States*, 516 U.S. 137

(1995). These prisoners, who could not establish their innocence before *Bailey*, were barred

from § 2255 relief after *Bailey* because a successive § 2255 petition is limited to newly

discovered evidence or a new and retroactive rule of constitutional law. *See* 28 U.S.C. § 2255; *In*

*re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Triestman v. United States*, 124 F.3d 361 (2d Cir.

1997); *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997). The *Bousley* decision allowed these

prisoners, who failed to successfully challenge their convictions on direct review, to seek habeas

review by showing "actual innocence."

The statute in effect at the time Petitioner pleaded guilty has not been redefined by the

Supreme Court. Therefore, his belated attempt to argue that his behavior did not qualify as

criminal is simply time-barred. Petitioner had the opportunity to collaterally attack his

conviction in a timely filed motion to vacate pursuant to 28 U.S.C. §2255. The fact that he is

now procedurally barred from pursuing those avenues does not justify this Court's review of a 28

U.S.C. § 2241 Petition challenging his conviction. In sum, Petitioner has failed to carry his

burden of demonstrating that he is "actually innocent."

## VII. Conclusion

Based on the foregoing, the Petition (ECF No. 1) is denied pursuant to 28 U.S.C. §2243.

Moreover, Petitioner's Motion to Proceed *In Forma Pauperis* (ECF No. 2) is granted; and his

Motions for Summary Judgment (ECF No. 4) and to Expedite (ECF No. 5) are denied as moot.

(4:12CV0740)

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not

be taken in good faith.[4]


      IT IS SO ORDERED.


 September 26, 2012                       /s/ Benita Y. Pearson          
Date                                   Benita Y. Pearson
                                    United States District Judge

---

[4] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies in
writing that it is not taken in good faith.

9