PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

LARRY T. LANDT,                          )
                                         )     CASE NO.  4:12CV0740
            Petitioner,                  )
                                         )
        v.                               )     JUDGE BENITA Y. PEARSON
                                         )
WARDEN FARLEY,                           )     **MEMORANDUM OF OPINION**
                                         )     **AND ORDER**
            Respondent.                  )     [Resolving ECF No. 10]


        This action is before the Court upon *pro se* Petitioner Larry Landt's Motion for

Reconsideration (ECF No. 10), filed on October 11, 2012.  Petitioner seeks an Order from this

Court vacating its September 26, 2012 judgment (ECF Nos. 7 and 8), which denied his Petition

for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.[1]  For the reasons set forth below,

the motion is denied.

        Because the Sixth Circuit Court of Appeals construes a motion for reconsideration as a

Fed. R. Civ. P. 59(e) motion to alter or amend judgment, *Moody v. Pepsi-Cola Metro. Bottling*

*Co.*, 915 F.2d 201, 206 (6th Cir. 1990), Petitioner was required to file his motion within 28 days

after the entry of the judgment he seeks to alter.  The docket reflects Petitioner timely filed his

request.

---

        [1] On September 21, 2012, Petitioner filed a Petition for Writ of Mandamus to
compel a ruling on his Petition for Writ of Habeas Corpus.  The Petition for Writ of
Mandamus remains pending in the United States Court of Appeals for the Sixth Circuit
under Case No. 12-4124.

(4:12CV0740)

Motions to alter or amend judgment may be granted if there is a clear error of law, newly

discovered evidence, an intervening change in controlling law, or to prevent manifest injustice.

*GenCorp, Inc. v. American Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).  However,

"[a] motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of*

*Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Petitioner argues that the premise on which the Court dismissed his Petition was an error

of law.  Specifically, he maintains the decision was "based on an incorrect view of actual

innocence that is in conflict with settled Supreme Court law." ECF No. 10 at 1.  As such,

Petitioner reasserts his claim of actual innocence and seeks habeas relief to vacate his criminal

conviction for one of the crimes to which he pleaded guilty.

Settled law dictates Petitioner is not entitled to habeas relief based on his assertion of

"actual innocence."  With the exception of *District Attorney's Office for Third Judicial Dist. v.*

*Osborne*, 557 U.S. 52 (2009),[2] every Supreme Court case Petitioner cites in support of his

argument, *In Re Davis*, --- U.S.---, 130 S. Ct. 1 (2009), *House v. Bell*, 547 U.S. 518 (2006),

*Schlup v. Delo*, 513 U.S. 298 (1995), *Herrera v. Collins*, 506 U.S. 390 (1993), *Bell v. Thompson*,

545 U.S. 794 (2005), *Sawyer v. Whitley*, 505 U.S. 333 (1992), involves a defendant convicted by

---

[2] *Osborne* was not a habeas action.  Instead, it involved a prisoner's 42 U.S.C. § 1983 action to compel the release of certain biological evidence so that it could be subjected to DNA testing.  The prisoner did not dispute that a federal actual innocence claim (as opposed to a DNA access claim) should be brought in habeas. *Osborne*, 557 U.S. at 72.  The Supreme Court reversed and remanded the district court's award of summary judgment in favor of the prisoner.

2

(4:12CV0740)

a jury and sentenced to death, but who claimed actual innocence entitled him to pursue a

procedurally defaulted claim.

　　　　To illustrate the limitation of an actual innocence claim in this context, the Supreme

Court in *Schlup* explained that

> a substantial claim that constitutional error has caused the conviction of an
> innocent person is extremely rare. . . .  To be credible, such a claim requires
> petitioner to support his allegations of constitutional error with *new reliable
> evidence*—whether it be exculpatory scientific evidence, trustworthy eyewitness
> accounts, or critical physical evidence—that was not presented at trial.  Because
> such evidence is obviously unavailable in the vast majority of cases, claims of
> actual innocence are rarely successful.

*Schlup*, 513 U.S. at 324 (emphasis added).  The rarity of these instances was underscored by the

fact that these defendants were unable to show cause and prejudice to excuse their procedurally

defaulted constitutional claims.  From this, the Court concluded, it is

> a narrow exception to the general rule when the habeas applicant can demonstrate
> that the alleged constitutional error has resulted in the conviction of one who is
> actually innocent of the underlying offense or, in the capital sentencing context, of
> the aggravating circumstances rendering the inmate eligible for the death penalty.
> *Murray v. Carrier*, 477 U.S. 478 (1986); *Sawyer v. Whitley*, 505 U.S. 333 (1992).

*Dretke v. Haley*, 541 U.S. 386, 388 (2004).  To ensure that the exception would remain "rare"

and be applied only in the "extraordinary case," the Supreme Court has expressed the standard of

proof that should govern consideration of such claims:  "The petitioner must show that *the

constitutional error* 'probably' resulted in the conviction of one who was actually innocent."

*Schlup*, 513 U.S. at 299 (emphasis added).

　　　　Petitioner's reliance on these cases is completely inapposite.  First, unlike the defendants

in these cases, Petitioner pleaded guilty to the charges for which he is now serving a sentence.

(4:12CV0740)

The procedural impediments he faces in an attack on a guilty plea are significantly different from those faced by a defendant whose guilt was determined by a jury.

Here, Petitioner argues "his lawyer and the Court misunderstood the elements of the crime" to which he pleaded guilty.  ECF No. 10 at 3.  Such a claim could be construed as a challenge to the entry of his guilty plea on the basis that counsel's ineffectiveness prevented his plea from being knowing and voluntary.  *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), applies to challenges to guilty pleas based on a claim of ineffective assistance of counsel.  This avenue of relief, however, is neither novel nor unique and was available to Petitioner before he filed his request for relief from this Court.

When Petitioner's § 2241 petition was denied, the Court advised him that a federal prisoner may not challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears* that the remedy by motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e) (emphasis added).  *See* ECF No. 7 at 5.  It is the petitioner's burden to prove that his remedy under § 2255 is inadequate or ineffective.  *See Martin v. Perez*, 319 F.3d 799, 803 (6th Cir. 2003).

What Petitioner failed to establish, and what justified the denial of his request for relief from the Court, was that his § 2255 remedy was inadequate or ineffective to test the validity of his conviction.  "Inadequate or ineffective" does not mean Petitioner lacked the legal knowledge necessary to timely raise his arguments.  *See United States v. Baker*, 197 F.3d 211, 218-19 (6th

(4:12CV0740)

Cir. 1999) (accepting an ignorance of the law excuse would encourage and reward indifference to

that law, and thus ignorance will rarely be an excuse, as when a statute is highly technical and

obscure); *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995) (*pro se* status and ignorance of

the law did not excuse petitioner's failure to raise claims in state courts); *Rose v. Dole*, 945 F.2d

1331, 1335 (6th Cir. 1991) (ignorance of the law does not support equitable tolling of a statute of

limitations).

      As the Second Circuit noted in *Triestman v. United States*, 124 F.3d 361 (2d Cir. 1997), it

is only "a person who can prove his actual innocence on the existing record—and who *could not*

have effectively raised his claim of innocence at an earlier time—[who] had no access to judicial

review." *Id.* at 363 (emphasis added). *Triestman* is instructive because it involved a case, like

Petitioner's in the case at bar, wherein the defendant pleaded guilty to a crime for which he later

asserted actual innocence.  Triestman, however, raised his claim of actual innocence after the

Supreme Court re-defined the element of "use" in its *Bailey v. United States*, 516 U.S. 137

(1995) decision.  *Bailey* rendered Triestman, and other similarly situated prisoners convicted of

"using" a firearm during a drug crime or violent crime, factually innocent of a crime to which he

pleaded guilty under 18 U.S.C. § 924(c)(1).  While Triestman could not establish his innocence

before *Bailey*, he was also barred from § 2255 relief after *Bailey* because successive § 2255

petitions are limited to newly discovered evidence or a new and retroactive rule of constitutional

law.  *See* 28 U.S.C. § 2255.

      The Second Circuit concluded that "serious due process questions would arise if

Congress were to close off all avenues of redress . . . , especially when the prisoner could not

5

(4:12CV0740)

have raised his claim of innocence . . . in an effective fashion at an earlier time." *Triestman*, 124 F.3d at 379.  As such, the Second, Third and Seventh Circuits permitted habeas corpus relief when an intervening decision established the federal prisoner was in custody for an act that the law no longer considered criminal.  *See In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Triestman*, 124 F.3d at 376; *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997).

Habeas corpus is not "preserved whenever a federal prisoner faces a substantive or procedural barrier to § 2255 relief.  If it were the case[,] . . . any prisoner who is prevented from bringing a § 2255 petition could, without more, establish that § 2255 is 'inadequate or ineffective,' and therefore that he is entitled to petition for a writ of habeas corpus under § 2241(c)(3)." *Triestman*, 124 F.3d at 376.

The elements of the crime of attempting to entice a minor to engage in criminal sexual activity in violation of 18 U.S.C. § 2422(b) to which Petitioner pleaded guilty have not changed since the date he entered his plea.  If he believed, as he does today, that his actions did not meet every element of the criminal statute to which he pleaded guilty, the opportunity to *timely* argue his innocence claim existed, but has since been forfeited.  There have been no substantive changes in the law since the date Petitioner entered his plea that would allow him to effectively raise a claim of innocence in a habeas petition.

Based on the foregoing, Petitioner has failed to set forth a basis upon which to grant relief from this Court's September 26, 2012 judgment.  Accordingly, Petitioner's Motion for

6

(4:12CV0740)

Reconsideration (ECF No. 10) is denied.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3)

that an appeal from this decision could not be taken in good faith.[3]


  November 28, 2012                          /s/ Benita Y. Pearson
Date                                      Benita Y. Pearson
                                          United States District Judge

---

[3] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies in
writing that it is not taken in good faith.

7